## JOHNSON v. RICHARDS.

*Executor — decree on final accounting — Surrogate's decree — what sufficient to sustain action upon.*

A decree by a surrogate of final settlement upon the accounting of an executor determines nothing beyond the amount received and paid out by the executor, and the balance due from him to, or to him from, the estate. But 2 R. S. 95, § 71, requires a second adjudication by the surrogate, settling the rights of legatees to a share of the fund in the hands of the executor, and the amount to which each is entitled; and an action will lie by each creditor to recover the sum adjudged to him by the decree.

Where, however, a decree for final settlement alone was made, and the amounts of the sums due legatees was not determined, *held*, that it was not a decree upon which a legatee could maintain an action for his legacy against the executor.

APPEAL by defendant from a judgment in favor of the plaintiff upon the decision of the court.

The action was brought by John Johnson against Warren Richards as executor, etc., of John Richards, deceased, to recover the amount alleged to be due to plaintiff and another, under the provisions of the last will and testament of John Jenkins, deceased, under which will defendant's testator was appointed and acted as executor. The facts are these:

In 1851, John Jenkins, of Newport, Herkimer county, made a last will, whereby he devised to his widow and certain of his children portions of his real estate, and to others of his children specific legacies to be paid out of his personal estate. All the rest and residue of his estate he devised in trust to his executor, with directions to convert the same into money, and after applying a part of such proceeds to certain specified uses, the residue of the proceeds were to be divided equally among his ten children.

The testator died in 1852, leaving him surviving nine children, and two sons of one of his daughters who died before him. The plaintiff and his brother Jerome L. Johnson were the children of such deceased daughter. At the time of the death of their mother in 1851, these children resided in Wisconsin, and were minors, the plaintiff being then about three years of age, and Jerome about one year. John Richards, the executor named in the will of John Jenkins, caused the will of his testator to be proved, and letters testamentary were issued to him, and he proceeded to convert the property of the testator into money, and paid from its proceeds debts and legacies, but did not pay any thing to the plaintiff or his brother.

In January, 1855, the executor presented to the surrogate who issued the letters testamentary to him, a petition praying that the necessary citations issue to creditors, legatees, etc., to appear and attend a final settlement of his account as executor. Citations were issued and served and a settlement had, and the surrogate made a decree reciting the proceedings and stating the sums received and paid out by the executor, and showing a balance in his hands

of $3,186.90 to be distributed among the heirs of the deceased according to the terms of the will.

The decree then proceeds as follows : " It appearing to the surrogate that the executor had conducted fairly and had rendered a just and true account of his proceedings as executor, so far as he had received and collected funds belonging to said estate, that the accounting be in all things confirmed, and it was further ordered and decreed by the said surrogate that the said executor's accounting be conclusive so far as the same relates to the personal property, which is mentioned and set forth in the account filed by said executor."

This action is brought by the plaintiff in behalf of himself and all other legatees and creditors of the estate of his grandfather, against the defendant, executor of John Richards, the executor of said John Jenkins' will, to recover one-half of a legacy of $300, given by the will of said Jenkins to plaintiff's mother, $100 given by the same will to himself, and one-half of his mother's share of the residue of the estate in the hands of the executor after paying the sums directed by the testator to be paid before the balance was to be divided. The defendant in his answer sets up by way of defense the six ·and ten years statutes of limitation and the pendency of a suit brought by Joseph Jenkins, administrator with the will annexed of John Jenkins, to recover the same moneys, part of which the plaintiff in this action seeks to recover, and that after the commencement of this action the complaint in such former action was dismissed, with costs.

*Richardson & Adams,* for appellant. ·

*Earl, Smith & Browne,* for respondent.

MULLIN, P. J. The special term ordered judgment in favor of the plaintiff, on the ground that the action was upon the surrogate's decree, and that such action was not barred until the expiration of twenty years from the time the right of action accrued. If this position cannot be maintained it is unnecessary to consider any other question of fact or law in the case, as it is conceded, and the court below held that the action was barred unless it could he held to be an action to enforce the judgment.

By 2 R. S. 94, § 65, the final settlement and allowance by the surrogate of the account of an executor is conclusive evidence against creditors, legatees, next of kin of the deceased, and all

other persons interested in the estate upon whom a citation shall have been served of the following facts, viz. :

1. That the charges made in such account for money paid to creditors, to legatees, to the next of kin, and for necessary expenses are correct.

2. That the executor has been charged all the interest for which he is legally accountable.

3. That he has collected all the moneys collectible on debts due the estate.

4. That the allowances for increase and decrease of the estate are correct.

It is obvious that a decrease on final settlement determines nothing beyond the amount received and paid out by the executor, and (unless the two accounts balance each other) the balance in his hands belonging to the estate or due to him from it. Section 71, 2 R. S. 95, provides that whenever an account shall be rendered and finally settled, if it shall appear to the surrogate that any part of the estate remains to be paid or distributed, he shall make a decree for the payment and distribution of what shall so remain to and among the creditor's legatees, widow and next of kin, according to their respective rights, and in such decree shall settle and determine all questions concerning any debt, claim, legacy, bequest or distributive share to whom the same shall be payable, and the sum to be paid to each person.

This section contemplates and requires a second adjudication by the surrogate settling the rights of legatees, etc., to a share of the fund in the hands of the executor, and the amount to which each is entitled.

It is not essential that the decree last mentioned should be upon a paper separate and distinct from that on final settlement. They may be in one and the same paper. Upon the decree of distribution made in conformity to the statute, an action will lie by each creditor or legatee to recover the sum adjudged to him by the decree of the surrogate.

Is the decree before us a decree for distribution as required by section 71, above cited ? It is in terms a decree upon final settlement only, and has in it not one essential element of a decree of distribution. No creditor or legatee is named, no amount is fixed to which any person is entitled. It merely states the account, ascertains the balance in the executor's hands, and declares that the settlement is final.

It is not essential, perhaps, that the names of the legatee, etc., and the amounts to which each is entitled, should be written out in the body of the decree, provided reference is made to some other record or document where the names and amounts can be correctly ascertained. Such a reference makes the paper referred to a part of the decree. It was a matter in dispute at the special term whether the legacies to the plaintiff's mother had not lapsed by reason of her death before her father, and also, whether the executor of her father's estate had not paid some of the legatees more than their share of the estate. Had the surrogate entered into the question of the rights of the legatees, these questions would have been determined as would also the amount to which each legatee was entitled. But he made no such adjudication. He settled and allowed the executor's account, and rested.

Judgments and decrees should state clearly the conclusions at which the court has arrived, so as to shield the parties as far as possible from the consequence of misconstruction, and thereby extending their operations beyond what the court intended, or limiting unreasonably the relief intended to be granted. A judgment or decree that the defendant pay a sum of money, without specifying the amount or providing any legal mode for ascertaining it, would have no binding force whatever. The decree in question is manifestly of that character, and cannot be enforced.

Again, I am unable to discover in the complaint any evidence that the counsel who drew it intended to declare upon the decree as a decree for the payment of money. If he did he carefully avoided disclosing his purpose.

The case of the plaintiff is an exceeding hard one, and would justify the court in going to the very limit of its power to afford relief. It may be that the surrogate can now perfect his decree by adding a clause directing distribution of the moneys in the executor's hands. It may be his duty now to enter such a decree. He had the parties before him, the amount due to each legatee was easily ascertained, and the parties interested should not suffer for the neglect of the surrogate to perform his whole duty. It is not our province to express an opinion on the question, and we leave it with counsel to inquire whether there is any value in the suggestion.

The judgment must be reversed and a new trial ordered, costs to abide event.

*Judgment reversed and new trial ordered.*